R. S. GUY AND OTHERS v. EDWIN FINCH.

An agreement to refer a question of right, is not a waiver of a trespass previous-
ly committed ; (but see the text.)

Appeal from Dallas.   The transcript in this case was not
found in the Clerk's office, and it is impossible for the Report-
ers to give a complete statement of the facts.   The counsel for
appellants and appellee, differ, too, in their statements.   It
appears that the appellee was a school teacher, and that thirty-
six persons subscribed articles of agreement with him, sending
fifty-two or three pupils, at $1 50 each per month.   The school
commenced February 6th, 1854, and was to continue until De-
cember 6th, 1854 ; but there was a stipulation that the school
should be discontinued upon the request of a majority of the
patrons.   By the terms of the subscription, it seems, the plain-
tiff was to have the use of the school house, which the counsel
for appellants say belonged to one of the appellants, but which
the counsel for appellee denominates a public school house.—
The fact probably was, that it was a school house built by the
public for general use on the land of one of the appellants,
with his permission.   Many of the patrons became dissatisfied
with the school, and desired to organize the school under the
new school law.   Several, as many as eighteen persons, gave
plaintiff notice to discontinue his school ; but not a majority
of those who had signed the articles.   The counsel for appel-
lants state that the plaintiff had twice consented to leave the
matter to persons, and twice they had decided against him.—
Finally on the 30th of October, 1854, the appellants took pos-
session of the school house and prevented the plaintiff from
continuing his school there.   The counsel for appellants stated
that plaintiff agreed on the day of the trespass, to refer the

question of right to an assembly of citizens on the following Wednesday ; but the counsel for appellee stated that " the witnesses when asked if he said anything about acceding to such proposition, answered, No," and referred to page fifteen of the transcript.

The jury found a verdict for the plaintiff for $130 50.

*Burford & Goode*, for appellants.

*J. M. Crockett*, for appellee.

WHEELER, J. Two grounds are relied on for reversing the judgment, 1st. That the verdict is excessive ; 2nd. That the defendant waived the trespass, and is not entitled to recover ; because, it is said, he consented to leave the question of right to the house to the decision of a meeting of the citizens.

Upon the first point, we think the verdict well warranted by the evidence, without vesting it in any degree upon a right to exemplary damages. Though the evidence shows the commission of a willful trespass, not unattended by circumstances of aggravation, there is no reason to believe that the jury proceeded, in estimating the damages, upon the idea of imposing punishment. On the contrary, they proceeded doubtless upon the principle of compensation ; and in that view, and irrespective of the question whether the plaintiff was entitled to recover exemplary damages, the evidence was sufficient to support the verdict.

On the second point, it may suffice to say, the evidence was not very decisive, or satisfactory ; and the jury may not have been satisfied that the plaintiff did consent to submit the question of his right of possession to the proposed meeting, or to abide by their decision. If he did, there is no evidence that the defendants agreed to abide by the decision. The proposition did not come from them ; and if the plaintiff did assent to

it, it was not made until after the trespass had been committed ; and his assent to it was no waiver of his right of action for the trespass previously committed. There is nothing in the charge of the Court, or in the finding of the jury upon the evidence, of which the defendants have cause to complain : and the judgment is affirmed.

Judgment affirmed.